IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| **JUAN CRUZ CANO** : <br> 508 Shady Glen Drive : <br> Capitol Heights, MD 20743 : <br>  : <br> **JOSE IVAN CRUZ CANO** : <br> 1819 Palmer Park Drive : <br> Landover, MD 20785 : <br>  : <br> **DANIEL CRUZ CANO** : <br> 1819 Palmer Park Drive : <br> Landover, MD 20785 : <br>  : <br> *On behalf of themselves and* : <br> *all others similarly situated* : <br>  : <br> Plaintiffs, : <br>  : <br> v. : <br>  : <br> **E&R SERVICES, INC.** : <br> 6222 Seabrook Rd, : <br> Lanham, MD 20706 : <br>  : <br> <u>SERVE RESIDENT AGENT</u>: : <br> Emilio Rodriguez, Jr. : <br> 14614 Arabian Lane : <br> Bowie MD 20715 : <br>  : <br> **EMILIO RODRIGUEZ JR.** : <br> 14614 Arabian Lane : <br> Bowie MD 20715 : <br>  : <br> Defendants. : | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>CASE NO.:<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT AND CLASS ACTION COMPLAINT

Plaintiffs Juan Cruz Cano, Jose Ivan Cruz Cano and Daniel Cruz Cano, (collectively "Plaintiffs") by and through their undersigned counsel, and for themselves and all others similarly

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852
TELEPHONE 301/760-7914

1

situated, hereby file this Complaint against E&R Services, Inc. ("E&R"), and Emilio Rodriquez Jr. ("Mr. Rodriguez") (collectively "Defendants"), to recover unpaid back wages, overtime pay, liquidated damages, treble damages, reasonable attorney's fees and costs under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"); and Plaintiffs further state a putative class action, pursuant to Rule 23, against Defendants alleging supplemental state law claims under the Maryland Wage and Hour Law, Labor and Employment Article §§ 3-401 et seq, the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 et seq, and the Maryland Workplace Fraud Act ("MWFA"), §§ 3-901 et seq., and state as follows:

## INTRODUCTION

1. Juan Cruz Cano is a Maryland resident. He worked for defendants in Prince George's County, Maryland. He has agreed to opt in to this action as shown by Exhibit A

2. Jose Ivan Cruz Cano is a Maryland resident. He worked for defendants in Prince George's County, Maryland. He has agreed to opt in to this action as shown by Exhibit B.

3. Daniel Cruz Cano is a Maryland resident. He worked for defendants in Prince George's County, Maryland. He has agreed to opt in to this action as shown by Exhibit C.

4. E&R is a Maryland corporation doing regular business in Prince George's County, Maryland. Its primary business is commercial and residential construction.

5. Emilio Rodriguez Jr. is a resident of Maryland.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, a federal statute.

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852
TELEPHONE 301/760-7914

7. Venue is proper in this District under 28 U.S.C. §1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

8. A related case is pending before this Court: *Santos et al v. E&R Services, Inc. et al.*, Case No. 8:20-cv-02737-DLB.

**FACTS**

9. Mr. Rodriguez serves as the Chief Executive Officer and an Owner of E&R. He is actively engaged in the management and direction of employees, and possesses the authority and discretion to fix, adjust, and determine hours worked and amounts paid with respect to all of E&R's employees. Mr. Rodriguez is authorized to issue checks on corporate accounts and has custody and control of employment records and is responsible for maintaining those records. At all times material herein, Mr. Rodriguez was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the MWHL MD Lab. and Empl. Section 3-401(b), and the MDWPCL MD Lab. and Empl. Section 3-501(b). Thus, Mr. Rodriguez and E&R are jointly and individually liable under for damages to the Plaintiff.

10. The Plaintiffs (on behalf of themselves and other similarly situated) bring this claim, under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), Maryland Code, Labor and Employment Article §§ 3-401 et seq., and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 et seq. to recover unpaid back wages, minimum wages, overtime pay, liquidated damages, pre and post-judgment interest, treble damages, reasonable attorney's fees and costs.

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852
TELEPHONE 301/760-7914

11. E&R is a construction contractor located in Lanham, Maryland.

12. E&R operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00, and in recent years, exceeding $15 million.

13. It has been in business since 2002.  It employs more than 110 individuals: approximately ten office employees; approximately eight to twelve workers in its residential division; and about one hundred employees in its commercial construction division.

14. E&R has no HR department.

15. Defendants have never sought any professional advice about how to pay or classify their workers.

16. This case is about the compliment of one hundred workers who work in the commercial construction division (though there are far more than one hundred workers in the putative class, due to worker turnover).

17. These workers perform the back-breaking labor required to build and maintain our streets and sidewalks.  Most of this work is performed for state and local governments, like the City of Rockville, Montgomery County, Prince George's County, and the State Highway Administration.

18. Some of the work is on prevailing wage jobs, which means the wage rate is set by the government.

19. Among these one hundred commercial construction workers there are several job classifications, such as machine operator, concrete finisher, and laborer. On every job, all of the job classifications work together, shoulder to shoulder.

20. Plaintiff Juan Cruz Cano worked for defendants as a laborer/finisher from on or about June 2019 to May 2022.

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852
TELEPHONE 301/760-7914

21. Plaintiff Jose Ivan Cruz Cano worked for defendants as a laborer/finisher from on or about August 2019 to February 2020.

22. Plaintiff Daniel Cruz Cano worked for defendants as a worked at E&R as a laborer/finisher from approximately December 15, 2020 to July 2021

23. E&R treats all hourly employees in the commercial division exactly the same when it comes to wages, hours and payroll.

24. E&R fills out time sheets for their workers; the workers do not enter their own time.

25. E&R requires its commercial construction workers to report to work up to one hour before defendants start their workers start time.

26. Esau Reyes Martinez worked for defendants as an hourly paid foreman from March 2019 to May 2022.  Exhibit D affidavit.

27. During his entire tenure of employment, Mr. Reyes Martinez's crew met at E&R's shop at 6 a.m.  Once at the shop, Mr. Reyes Martinez and his crew loaded the tools and equipment they needed for the day.

28. E&R's Construction Superintendent, Emlio Rodriguez Sr. directed the foreman to start recording the workers' working time a 7 a.m.  When Mr. Reyes Martinez argued this practice of shaving one hour worked from each worker, Mr. Rodriguez Sr. would not relent. All or nearly all of the time sheets Mr. Reyes Martinez filled out follow defendants requirements and  show start times of 7 AM or later.

29. The Plaintiffs all worked on Mr. Reyes Martinez's crew and had their time shaved by defendants nearly every working day.

30. In other words, Defendants required the Plaintiffs and those similarly situated to work "off the clock," or, alternatively, defendants shaved their hours.

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852
TELEPHONE 301/760-7914

31. Defendants often round down worker time to the nearest hour. This occurred for the Plaintiffs and similarly situated employees in Defendants' commercial construction division.

32. This can be seen on the face of numerous time sheets. Examples are attached. Exhibit E.

33. E&R's daily shaving of time is long-term and pervasive. It applies to nearly every employee in the commercial division.

34. In addition, defendants maintain a common policy or practice, which applies to all, or nearly all of its construction workers in which Defendants do not pay the required overtime premium for all hours worked over 40 in a week.

35. Defendants sometimes treat their construction workers as employees and withhold payroll taxes. But, on other occasions, Defendants misclassify their construction workers as independent contractors and do not withhold payroll taxes.

36. For example, Defendants did not take withholdings out of the checks for Plaintiff Daniel Cruz Cano misclassifying him as an independent contractor.

37. Plaintiffs all performed the same class of duties during their entire relationships with Defendants. That is, they were construction workers.

38. Defendants furnished the tools and equipment necessary to provide construction services provided by the named Plaintiffs and all putative plaintiffs.

39. Defendants set the hours and schedule for all named Plaintiffs and all putative Plaintiffs.

40. None of the plaintiffs and putative plaintiffs operated business independent of defendants' business.

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852
TELEPHONE 301/760-7914

41. None of the plaintiffs and putative plaintiff were exempt persons under Md. Code Ann., Lab. & Empl. § 3-901(d).

42. Defendants knowingly misclassified plaintiffs as independent contractors.

43. Defendants were required by law to record the hours worked by Plaintiffs. Defendants have, or should have, records sufficient to permit a calculation of the hours worked, and the overtime underpayments, for the Plaintiffs, and others similarly situated.

44. At this time and prior to conducting complete discovery, Plaintiffs do not have sufficient documents or information in their possession to calculate their unpaid overtime wages. Plaintiffs reserves the right to offer appropriate calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards concerning Plaintiffs, and others similarly situated, for whom it has not yet been practicable to offer a calculation of backpay due.

45. Defendants' conduct was knowing and willful as they knew of their obligations to accurately record and pay for employee time worked and pay time and a half for hours worked over forty in a week.

46. Indeed, during all times relevant, Defendants performed projects for local governments and municipalities. On many of these projects, defendants were required to file and did file certified payroll reports.

47. The reports required that Defendants certify that "all persons employed on said project have been paid the full weekly wages earned."

48. The reports further required that defendants pay time and a half for overtime for hours worked over forty.

49. Defendants regularly filed these reports and certified they were accurate.

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

50. At bottom, Defendants sometimes did pay time and a half for overtime. Thus, they knew of their obligations under the law to pay employees for all hours worked and to pay time and a half for overtime hours.

51. Despite knowing of these obligations, Defendants shaved time from the named Plaintiffs and the Putative Plaintiffs and did not pay them time and half for all hours worked over forty in a week.

**CLASS ALLEGATIONS**

52. Plaintiffs seek to represent distinct classes: (a) an FLSA class (Counts I and II) and (b) a Maryland class (Counts III, IV, V, and VI).

53. The FLSA class consists of all workers who have performed construction work for E&R Services Inc's commercial construction division at any time during the period beginning three years from the date of the commencement of this lawsuit through the date of class certification, who are either named or file an opt in form with this Court.

54. The Maryland class consists of all workers who have performed construction work for E&R Services Inc's commercial construction division at any time during the period beginning three years from the date of the commencement of this lawsuit through the date of class certification.

55. Excluded from the FLSA Class and the Maryland Class are bona fide owners, officers, managers and directors of Defendant E&R Services, Inc.

56. There are questions of fact and law common to both classes, including but not limited to: (1) whether Defendants refused and failed to ensure that Plaintiffs and other similarly situated construction workers were paid for all of the hours actually worked; (2)

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852
TELEPHONE 301/760-7914

8

whether Defendants failed to properly pay working time over forty hours per week to Plaintiffs and other similarly situated construction workers; (3) whether defendants misclassified Plaintiffs and other similarly situated construction workers as independent contractor; and (4) whether there is a genuine bona fide dispute as to the unpaid wages claimed by the Maryland Class Members, thus rendering Defendants liable to Plaintiffs and all similarly situated employees for statutory damages under the MWPCL, Md. Ann Code LE Art. § 3-501 et seq., and if there is a lack of a bona fide dispute, whether Plaintiffs are entitled to receive statutory enhancements in addition to the recovery of unpaid wages/deductions.

57. The claims of Plaintiffs are typical of the class they seek to represent. Moreover, the questions of fact and law common to Class Members predominate over any questions affecting only individual members, as all Class members are current or former construction workers who were not properly paid the minimum wage or overtime. Individual issues will relate solely to the quantum of relief due to the individual Class Members. Upon information and belief, Plaintiffs believes that the potential Class Members number at least two hundred (200) persons. The proposed classes are easily ascertainable as the number and identities of the Class Members are readily determinable from employee and payroll records that the Defendants maintain.

58. Plaintiffs will fairly and adequately protect the interests of the class. The interests of the named Plaintiffs are consistent with, and not antagonistic to, those of the class.

59. The named Plaintiffs are represented by competent counsel who are experienced in complex FLSA litigation. The lawyers who represent the Plaintiffs (and opt-in Plaintiffs) in this case are licensed to practice in the District of Maryland, and have combined experience of more than 15 years of practice before the U.S. District Court for the District of Maryland.

60. A hybrid class/collective action is superior to other available methods for the fair and efficient adjudication of this controversy and is consistent with the legislative history of the FLSA. Class action treatment will permit a large number of similarly situated persons to receive notice and prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that number individual actions engender.

61. Maintenance of this action as a hybrid class/collective action would promote the equitable administration of justice because pursuing claims on an individual basis would be disproportionately expensive.

62. The prosecution of separate claims by individual Class Members would create a risk of inconsistent or varying adjudications with respect to the individual members of that class that would establish incompatible standards of conduct for Defendants.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT
### (OVERTIME)

63. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

64. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receive compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

65. Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), Defendants were their "employers" under § 207(a)(2). Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

66. Plaintiffs (and others similarly situated) worked overtime on a regular basis. Plaintiffs were entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times their regular rate of pay for hours worked in excess of forty (40) hours in a given work week.

67. Defendants have failed and refused to compensate plaintiffs (and others similarly situated) properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

**COUNT II**
**VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT**
**(MINIUM WAGE)**

68. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

69. Section 206(a) of the FLSA provides that employer must pay employees at least the minimum wage.

70. Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), Defendants were their "employers" under § 207(a)(2). Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

71. Plaintiffs (and others similarly situated) regularly worked off the clock. Defendants did not pay plaintiffs (and others similarly situated) for this work or shaved their hours.

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

72. Defendants have failed and refused to compensate plaintiffs (and others similarly situated) at least the minimum wage and as required by law for numerous hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

## COUNT III
## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW
### (Overtime)

73. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

74. The Maryland Wage and Hour Law require each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage.

75. Plaintiffs were "employees" covered by the Maryland Wage and Hour Law

76. Defendants were their "employers" under the Maryland Wage and Hour Law. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

77. Plaintiffs (and others similarly situated) worked overtime on a regular basis. Plaintiffs (and others similarly situated) were entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times their regular rate of pay for hours worked in excess of forty (40) hours in a given work week.

78. Defendants have failed and refused to compensate plaintiffs (and others similarly situated) properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the Maryland Wage and Hour Law was willful and intentional, and not in good faith. The Law allows Plaintiffs to collect liquidated damages.

## COUNT IV

RUBIN EMPLOYMENT LAW FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852
TELEPHONE 301/760-7914

### VIOLATION OF THE MARYLAND WAGE AND HOUR LAW
### (Minimum Wage)

79. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

80. The Maryland Wage and Hour Law requires that each employer shall pay at least the minimum wage.

81. Plaintiffs were "employees" covered by the Maryland Wage and Hour Law.

82. Defendants were their "employers" under the Maryland Wage and Hour Law. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiffs for at least the minimum wage for all hours worked.

83. Defendants required that Plaintiffs (and others similarly situated) work "off the clock" on a regular basis or shaved their hours.

84. Defendants have failed and refused to compensate plaintiffs (and others similarly situated) properly and as required by law for the numerous hours they worked off the clock. This failure and refusal to pay compensation as required by the Maryland Wage and Hour Law was willful and intentional, and not in good faith.  The Law allows Plaintiffs to collect liquidated damages

### COUNT V
### VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

85. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

86. Defendants have failed and continue to fail to pay to Plaintiffs (and others similarly situated) promised and earned wages, which are due and owing to him.

87. Section 3-501(c) of MWPCL defines wages as including "overtime wages."

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

13

88. Section 3-505 of the MWPCL requires employers to pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated."

89. Defendants violated Section 3-505 by failing to pay Plaintiffs (and others similarly situated) their promised wages at any time on or before the employment relationship between the parties terminated or when they became due under the Maryland Wage Payment and Collection Law

90. The aforesaid actions and/or omissions of defendants are in contravention of the Maryland Wage Payment and Collection Law. Maryland Employment & Labor Code Ann., Sec. 3-505.

91. The Court is permitted to award Plaintiffs treble damages and reasonable counsel fees for any violation of the Maryland Wage Payment Collection Law. Maryland Employment & Labor Code Ann., Sec. 3-507.2.

### COUNT VI
### VIOLATION OF THE MARYLAND WORKPLACE FRAUD ACT

92. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

93. Plaintiffs (and others similarly situated) were employees performing construction work in the State of Maryland and, at all times, Defendants were Plaintiffs' employers.

94. Defendants had actual knowledge that Plaintiffs (and others similarly situated) were Defendants' employees and that Defendants were Plaintiffs' employers.

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

95. Defendants had actual knowledge that Plaintiffs (and others similarly situated) were never independent contractors.

96. Defendants misclassified Plaintiffs (and others similarly situated) as independent contractors and, in so doing, failed to pay Plaintiffs' employee share of Federal and Maryland employment taxes, unemployment insurance taxes, and workers' compensation insurance.

97. Defendants purposely and knowingly misclassified Plaintiffs (and others similarly situated) as independent contractors forcing Plaintiffs to pay the employee and employer share of all employment-related taxes and expenses and save Defendants' money.

98. Plaintiffs (and others similarly situated) have been forced to pay a substantial amount of additional and unnecessary taxes as a result of Defendants' actions and have been damaged by paying additional and unnecessary taxes that should have been Defendant's legal responsibility.

## **Prayer**

Based on the foregoing allegations, Plaintiffs respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), issue an appropriate Notice to potential opt-in Plaintiffs who performed hourly work for defendants and were not paid overtime, and supervise the maintenance of this collective action;

(b) Certify the claims under the MWHL, MWPCL, and MWPFA as set forth in Counts III, IV, V, and VI) as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure;

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

(c) Order Defendants to pay Plaintiffs and those proposed Class Members who fail to opt out of this litigation for all unpaid overtime and minimum wage payments determined by the Court to be due and owing to the Plaintiffs and those similarly situated under the FLSA, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiffs, for the three-year preceding the filing of this lawsuit;

(d) Award Plaintiffs and those proposed Class Members who fail to opt out of this litigation all unpaid overtime and minimum wages in such amounts to be proved at trial and all other damages, including liquidated damages, authorized by the Maryland Wage and Hour Law;

(e) Award Plaintiffs and those proposed Class Members who fail to opt out of this litigation all damages caused by Defendants' misclassifying the Plaintiffs as independent contractors;

(f) Award Plaintiffs those proposed Class Members who fail to opt out of this litigation treble damages under Counts V and VI, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate;

(g) Award Plaintiffs and those proposed Class Members who fail to opt out of this litigation their attorneys' fees and costs in pursuing this action;

(h) Award Plaintiffs those proposed Class Members who fail to opt out of this litigation interest on any sums determined due and owing from Defendants; and

(i) Equitably tolling for the Collective effective the date of the filing of the instant Complaint.

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914

16

(j) Allow leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court.

(k) Issue a declaratory judgment that Defendants' wage practices alleged herein violate overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.

(l) Issue a declaratory judgment that Defendants' wage practices alleged herein violate overtime compensation provisions of the Maryland Wage and Hour Law

(m) Issue an Order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to FLSA, Maryland Wage and Hour Law, Maryland Workplace Fraud Act and related laws and regulations.

(n) Issue an Order directing Defendants, at their own expense, to investigate and account for the number of overtime and off the clock hours actually worked by the Plaintiffs and all putative collective and class members; and

(n) Award any and all other forms of relief the Court deems just and proper.

Respectfully submitted,

**RUBIN EMPLOYMENT LAW FIRM, PC**

_/s/_____
James E. Rubin
600 Jefferson Plaza, Suite 204
Rockville, MD 208502
Telephone: (301) 760-7914
jrubin@rubinemploymentlaw.com

Aaron Z. Uslan, Attorney
Law Office of Aaron Z. Uslan LLC
5034 Wisconsin Ave. NW
Ste 250

Washington, DC 20016
(202) 350-2900

*Counsel for Plaintiffs*

### JURY DEMAND

Plaintiffs demand a jury trial on all of the matter raised in the complaint.

_____/s/_____
James E. Rubin

RUBIN EMPLOYMENT LAW
FIRM, P.C
600 JEFFERSON PLAZA
SUITE 204
ROCKVILLE, MARYLAND 20852

TELEPHONE 301/760-7914